IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARRELL FRALEY, | ) | CASE NO. 1:13 CV 1294 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | MEMORANDUM OPINION |
| INSURANCE COMPANY, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Plaintiff's Motion to Remand (ECF #4). The motion to remand is opposed by Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). For the reasons that follow, the motion to remand is granted.

**Procedural Background**

Plaintiff Darrell Fraley filed this action in the Cuyahoga County Court of Common Pleas against Defendant State Farm seeking in Count I a declaratory judgment that State Farm is not entitled to subrogation/reimbursement for any of the $7,850.67 in medical payments paid to Plaintiff by State Farm under his auto policy, or in the alternative a declaration that State Farm's subrogation claim is subject to the 'common fund' or other applicable doctrines which prevent unjust enrichment. (Compl. ¶¶ 18-19.) In Count II, the Complaint asserts a claim for bad faith, alleging that State Farm failed to reasonably investigate the circumstances surrounding Plaintiff's claim and whether Plaintiff was "made whole" and failed to negotiate its claim for subrogation in good faith by demanding 100% reimbursement/subrogation. (Compl. ¶21-23.) The prayer for relief seeks a declaratory judgment in Count I, compensatory damages in excess of $25,000 in

Count II and punitive damages, prejudgment interest and costs.

Defendant removed the case to this Court pursuant to 28 U.S.C. §1441 and 1446, alleging diversity jurisdiction under 28 U.S.C. §1332. (ECF #1). Plaintiffs have now moved to remand this action to state court, contending that the amount in controversy is not sufficient to meet the federal jurisdictional limits of $75,000. There is no dispute that complete diversity of citizenship exists between the parties.

## Analysis

Federal courts have jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(1). The burden is on Defendant to demonstrate the existence of these requirements by a preponderance of the evidence. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir.2006) (quoting *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir.1993)).

Removal statutes are to be strictly construed against the moving party. Strict construction of the removal statutes is necessary because removal jurisdiction encroaches on a state court's jurisdiction. The Sixth Circuit has stated:

> in the interest of comity and federalism, federal jurisdiction should be exercised only when it is clearly established, and any ambiguity regarding the scope of §1446(b) should be resolved in favor of remand to the state courts.

*Brierly, v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir.1999). The district court must resolve all doubts regarding propriety of removal in favor of the non-removing party *Coyne v. American Tobacco Co.*, 183 F. 3d 488, 493 (6th Cir. 1999).

2

When the plaintiff does not set forth a specific amount of damages in excess of $75,000, the Defendant need not prove to a legal certainty that the actual amount in controversy exceeds $75,000, but must show that the claim "more likely than not" exceeds the federal amount in controversy requirement. *Gafford v. General Electric Co.*, 997 F. 2d 150, 158 (6th Cir. 1993), abrogated on other grounds by *Hertz Corp. v. Friend*, 599 U.S. 77, 91 (2010).

"[I]n addition to compensatory damages, potential awards of attorney's fees and punitive damages can count toward the amount in controversy." *Crosby v. American Online, Inc.*, 967 F. Supp. 257 (N.D. Ohio 1997)(citing *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) and *Sellers v. O'Connell*, 701 F.2d 575, 579 (6th Cir. 1983). Punitive damages for a tort claim under Ohio law are limited to "two times the amount of the compensatory damages awarded the plaintiff from that defendant" and are awarded "only upon a finding of actual malice." Ohio Rev. Code §2315.21(D)(2)(a); *Sicklesmith v. Chester Hoist*, 863 N.E.2d 677, 696 (Ohio App. 7th Dist. 2006) citing *Calmes v. Goodyear Tire & Rubber Co.*, 575 N.E.2d 416, 419 (Ohio 1991). In determining whether these amounts shall be added to the requested compensatory damages for purposes of determining the amount in controversy this Court need not consider whether it is likely that they will actually be awarded, but rather (1) whether there is some support for such claims alleged in the Complaint, (2) if those claims have been alleged in good faith, and (3) what a likely amount of damages would be if the claims were proven. See, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F. 2d 1167, 1169 (6th Cir. 1975). If a request for punitive damages and attorneys fees appears in the prayer, but no claim supporting such a remedy is set forth in the Complaint, these potential remedies should not be included in the calculation of the amount in controversy for purposes of determining federal jurisdiction. *Id.*

On its face, the Complaint requested compensatory damages in excess of $25,000, punitive damages, prejudgment interest and costs. Although a mere prayer for punitive damages does not satisfy the requirements for considering these remedies in the determination of the amount in controversy, the Plaintiff alleges a bad faith claim which could support a claim of punitive damages. Thus, when considering the amount in controversy, this Court must consider the likely amount of any punitive damages which could be awarded.

Plaintiff alleges that he suffered bodily injuries in a motor vehicle accident with a negligent tortfeasor and submitted medical bills to State Farm. State Farm made payments in the amount of approximately $7,850.67 under the medical payments policy Plaintiff had with State Farm. Plaintiff thereafter entered into a compromise settlement with the tortfeasor's liability insurer, AIG. Plaintiff alleges that he was not made whole as a result of the settlement with AIG, but that State Farm, without investigation into its subrogation claim or whether its insured had been made whole by the settlement, asserted a claim for 100% subrogation /reimbursement and has refused to negotiate in any manner. (Compl. ¶¶ 3-9). While Plaintiff seeks in excess of $25,000 in compensatory damages on his bad faith claim, the declaratory judgment claim will not cost State Farm any additional money, but could result in payment to State Farm in the amount of $7,850.67 or some lesser amount. Given that the amount disputed by the parties is less than $8,000, "a likely amount of punitive damages," if Plaintiff could prove actual malice, would be less than $25,000. Plaintiff is the master of his own complaint who chose to assert state claims in state court based upon a disputed subrogation demand of less than $8,000.

Review of the Complaint and filings in this matter support the conclusion that Defendant has failed, in this instance, to demonstrate that the amount in controversy set forth in Plaintiff's

Complaint is more likely than not in excess of the $75,000 jurisdictional threshold amount. Accordingly, this Court does not have diversity jurisdiction under 28 U.S.C. § 1332(1).

### Conclusion

For the reasons stated above, the Plaintiff's Motion to Remand ECF #4) is GRANTED. The Clerk of Courts is directed to remand this action to the Court of Common Pleas for Cuyahoga County, Ohio.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: August 30, 2013